IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY A. BIANCO,          )
                            )
          Plaintiff,        )
                            )
     v.                     )
                            )  Civil Action No. 06-730
MICHAEL J. ASTRUE,[1]       )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
          Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this ___2ʳ___ day of January, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his current application for DIB on June 9, 2003, alleging disability beginning November 5, 2002, due to concussion syndrome.[2] Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on December 14, 2004, at which plaintiff appeared represented by counsel. On February 15, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 22, 2005, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 47 years old as of the date he was last insured and is classified as a younger individual under the regulations.

_____

[2]Plaintiff filed a previous application for DIB on July 31, 2001. After the ALJ conducted a hearing on the matter, he issued an adverse decision on November 4, 2002. The Appeals Council denied plaintiff's subsequent request for review, and plaintiff took no further action regarding his first application.

20 C.F.R. §404.1563(c). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a communication technician and as an operator in a glass factory, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of post cranial trauma and a depressive disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is limited to work that does not involve driving. In addition, he is limited to work that involves only occasional climbing stairs and ramps and only occasional kneeling, crouching, crawling and bending. Plaintiff is precluded from work that involves balancing, stooping, or climbing ladders, ropes and scaffolds. Further, plaintiff requires work that does not involve exposure to dangerous, moving machinery and unprotected heights. Finally, plaintiff is limited to simple, routine, low stress work that does not involve deadlines or fast-paced production and that

requires little adaptation once the job is learned (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a print shop collator, packing machine operator, order filler, mail distributor, surveillance system monitor, inventory clerk, scales operator or gate person. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ

must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Farqnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the

AO 72
(Rev. 8/82)

basis that he failed to properly assess plaintiff's mental
impairment and that the ALJ's hypothetical to the vocational
expert did not include all of his limitations. As explained
herein, the court finds that both of these arguments lack merit.

Plaintiff first asserts that the ALJ failed to properly
assess his mental impairment because the ALJ did not discuss Dr.
Daniel Marston's observations that plaintiff has problems with
focus and concentration.[3]

Dr. Marston, who performed a consultative examination of
plaintiff, prepared a written report of his evaluation, and he
also completed an assessment form on which he rated plaintiff's
ability to understand, remember and carry out work-related
functions and respond appropriately to supervisors, co-workers,
the general public and work pressures. (R. 220-29). In his
written report, Dr. Marston stated that plaintiff has problems
with focus and concentration. (R. 223, 227). However, on the
assessment form, Dr. Marston rated plaintiff as having only slight
limitations in the areas of understanding, remembering and

---

[3]Although plaintiff also asserts in his brief that Dr.
Marston stated he likely would have more difficulties if he
returned to a work environment, see Plaintiff's Brief in Support
of Motion for Summary Judgment (Document No. 12) at 9, plaintiff's
assertion is not an accurate characterization of what the doctor
actually reported. Rather, Dr. Marston stated, "[i]t is my
impression that [plaintiff] would likely become more depressed and
have more difficulties if he returned to a work environment that
made his physical difficulties worse." (R. 227) (emphasis added).
Thus, Dr. Marston did not indicate that plaintiff entirely was
precluded from returning to work. To the contrary, Dr. Marston
indicated that plaintiff should avoid returning to a work
environment that would exacerbate his physical problems, because
such a situation could possibly impact his depression.

carrying out short, simple instructions and making judgments on simple work-related decisions. (R. 228). In addition, Dr. Marston rated plaintiff as having only slight limitations in responding appropriately to work pressures in a usual work setting and moderate limitations in responding to changes in a routine work setting. (R. 228). Thus, although Dr. Marston reported that plaintiff has problems with focus and concentration, he ultimately determined that plaintiff's problems in those areas only had a slight to moderate impact on his ability to perform various work-related functions.

Plaintiff is incorrect that the ALJ "did not mention or discuss Marston's observations regarding focus and concentration." See Plaintiff's Brief at 9. To the contrary, the ALJ summarized Dr. Marston's findings and stated, "[Dr. Marston] reported [that plaintiff] had concentration difficulties." (R. 60). The ALJ further stated that he have Dr. Marston's assessment great weight. (R. 61). Thus, the ALJ fully considered Dr. Marston's assessment of plaintiff's capabilities in analyzing his mental impairment.

Plaintiff next argues that the ALJ's hypothetical to the vocational expert did not include all of his limitations. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the

AO 72
(Rev. 8/82)

RFC Finding. More specifically, the ALJ accommodated the plaintiff's limitations with respect to focus and concentration as described by Dr. Marston by restricting plaintiff to simple, routine, low stress work that does not involve deadlines or fast-paced production and that requires little adaptation once the job is learned. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:   John G. Burt, Esq.
      401 Wood Street
      Suite 810, Arrott Building
      Pittsburgh, PA 15222

      Jessica Smolar
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219

AO 72
(Rev 8/82)